# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| JAMES POTTS | : | CIVIL ACTION |
|---|---|---|
| v. | : | NO. 17-2248 |
| CATHY BRITTAIN | : | |

## ORDER-MEMORANDUM

**AND NOW**, this 30th day of May 2017, upon considering Plaintiff's petition for writ of habeas corpus (ECF Doc. No. 1), and finding Plaintiff did not exhaust state remedies and his arguments lack merit, it is **ORDERED** the Plaintiff's petition (ECF Doc. No. 1) is **DENIED**. Because Plaintiff has not demonstrated a substantial showing of the denial of a constitutional right, a certificate of appealability is **DENIED**. The Clerk of Court shall **close** this case.

## *Analysis*

In October 2013, a Chester County, Pennsylvania jury found James Potts guilty of multiple serious criminal offenses, including first degree murder under 18 Pa.C.S.A. 2502(a). The following month, the Honorable Jacqueline C. Cody sentenced Mr. Potts to life in prison plus 27–54 years. Mr. Potts appealed from the judgment of sentence arguing the trial court erred in prohibiting certain defense questioning, and the Pennsylvania Superior Court affirmed on March 3, 2015.[1]

On March 4, 2016, Mr. Potts timely filed a petition under the Post-Conviction Relief Act ("PCRA") alleging ineffective assistance of counsel.[2] During these proceedings, Mr. Potts

---

[1] *Commonwealth v. Potts*, No. 9 EDA 2014, 2015 WL 7458798, at *1 (Pa. Super. Mar. 3, 2015).

[2] 42 Pa. C.S.A. § 9542 *et seq.*

requested transcripts and other court documents, which the PCRA court denied.³ On July 22, 2016, the PCRA court dismissed the petition without a hearing.⁴ Mr. Potts appealed, arguing the PCRA court's denial of the transcripts and documents violated his rights.⁵ On April 26, 2017, the Pennsylvania Superior Court affirmed, finding no error.⁶

Mr. Potts now petitions for a writ of habeas corpus under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), challenging the validity of his judgment of sentence based on constitutional theories not raised during his earlier proceedings. First, Mr. Potts argues Judge Cody's sentence violated his substantive due process rights because the judge sentenced him to life confinement "without providing the statute which gave said Judge the authority to impose" the sentence.⁷ Second, Mr. Potts argues Judge Cody violated his procedural and substantive due process rights by sentencing him in violation of 42 Pa.C.S.A § 9762 by failing to provide him a presentence investigation report. He justifies his failure to raise these issues during his direct appeal or PCRA proceedings because he claims Judge Cody lacked jurisdiction and these issues are not cognizable under the PCRA. We find Mr. Potts failed to exhaust his state remedies and his arguments lack merit.

---

³ *Commonwealth v. Potts*, No. 2453 EDA 2016, 2017 WL 1494038, at *1 (Pa. Super. Apr. 26, 2017).

⁴ *Id.* at *1.

⁵ *Id.* at *2.

⁶ *Id.* at *3.

⁷ ECF Doc. No. 1, at p. 5.

### *Mr. Potts failed to exhaust state remedies.*

Under the AEDPA, we may entertain an application for writ of habeas corpus of a state prisoner challenging a state court judgment as unconstitutional.[8] Where state procedural remedies are effective, we may not grant a habeas petition unless the petitioner "has exhausted the remedies available in the courts of the State."[9] To satisfy the exhaustion requirement, a "federal habeas claim must have been 'fairly presented' to the state courts, i.e., it must be the substantial equivalent of that presented to the state courts."[10]

Mr. Potts acknowledges he did not raise his two arguments in state court, either in his direct appeal or during his PCRA proceedings, but instead excuses his failure to do so arguing Judge Cody lacked jurisdiction and the issues he raises are not cognizable under the PCRA. These arguments are meritless. Mr. Potts does not explain why Judge Cody lacked jurisdiction to sentence him for crimes in which a Chester County jury found him guilty, and we can think of no reason why Judge Cody would lack jurisdiction. Additionally, the issues Mr. Potts raises are cognizable under the PCRA. Mr. Potts challenges the legality of his sentence. The Pennsylvania Superior Court instructs "[i]ssues relating to the legality of sentence cannot be waived and are cognizable under the PCRA."[11]

While this nonwaiver rule applies in state court and allows him to challenge the legality of his sentence during certain state court proceedings, it does not apply to Mr. Potts' federal

---

[8] 28 U.S.C. § 2254(a).

[9] 28 U.S.C. § 2254(b)(1).

[10] *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997) (as amended) (quoting *Evans v. Court of Common Pleas, Delaware Cty., Pa.*, 959 F.2d 1227, 1231 (3d Cir. 1992)).

[11] *Com. v. Hockenberry*, 689 A.2d 283, 288 (Pa. Super. 1997).

3

habeas claim under the AEDPA. The AEDPA requires exhaustion of state remedies except in limited circumstances where state remedies are ineffective.[12] The rule of Pennsylvania law providing illegal sentences are nonwaivable does not override the AEDPA's exhaustion requirements.[13] Mr. Potts fails to demonstrate a basis for us to excuse his failure to raise these arguments in state court.

## *Mr. Potts' arguments lack merit.*

We also reject Mr. Potts' arguments on the merits. Mr. Potts does not explain his argument Judge Cody failed to "provide" him the statute she sentenced him under. To the extent Mr. Potts argues insufficient notice under the procedural due process clause, this argument is meritless. The jury convicted Mr. Potts of, among other things, first degree murder under 18 Pa.C.S.A. § 2502. Mr. Potts had notice of this statute, as the Commonwealth arraigned him in March 2012 and this statute remains on the public docket. Additionally, the sentencing sheet Mr. Potts attached to his habeas petition specifically states he received a life sentence for first degree murder.[14] In first degree murder cases where the death penalty is not sought, the sentencing judge is required under 18 Pa.C.S.A. § 1102(a)(1) to sentence the convicted defendant to life imprisonment. Mr. Potts had sufficient notice of the statutes he could be found guilty of violating and sentenced under, and we find no prejudicial error requiring resentencing in Judge Cody's purported failure to provide Mr. Potts the statute requiring her to sentence him to life in prison.

---

[12] 28 U.S.C. § 2254(b)(1).

[13] *Debroeux v. Erickson*, No. 05-1673, 2006 WL 1896194, at *1 (E.D. Pa. July 7, 2006).

[14] ECF Doc. No. 1, at p. 24.

As to Mr. Potts' remaining argument, Mr. Potts had no right to a presentencing investigation report under Pennsylvania law. Pennsylvania law provides, "Before sentencing any defendant to one year or longer, a presentence investigation and report shall be made, unless the sentence is death or a mandatory sentence to life imprisonment."[15] Mr. Potts' first degree murder conviction required a sentence of death or life imprisonment.[16] It follows Mr. Potts had no right to a presentencing report. Mr. Potts' arguments are meritless.

KEARNEY, J.

---

[15] 42 Pa. C.S.A. § 9731.

[16] 18 Pa. C.S.A. § 1102(a)(1).

5